# NO. 12-20-00050-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT LAWRENCE THOMPSON,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Robert Lawrence Thompson appeals his convictions for aggravated robbery and arson. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery (count one), stating that while in the course of committing theft of property and with intent to obtain or maintain control of the property, he intentionally and knowingly caused serious bodily injury to another person by setting that person on fire, or that he intentionally, knowingly, and recklessly caused bodily injury to a person by setting that person on fire and using or exhibiting a deadly weapon, lighter fluid and/or a BB gun, a first degree felony.[1] The indictment also charged Appellant with aggravated robbery (count two), stating that in the course of committing theft of property and with intent to obtain or maintain control of the property, he intentionally, knowingly and recklessly caused serious bodily injury to a person sixty-five years of age or older by taping her

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(1), (2), (b) (West 2019).

eyes and/or hands and/or feet, or that he intentionally and knowingly threatened or placed a person sixty-five years or older in fear of imminent bodily injury or death, a first degree felony.[2]

Finally, Appellant was charged by indictment with arson (count three), stating that with intent to destroy or damage a building, start a fire, or cause an explosion, by igniting lighter fluid, and was reckless about whether the burning or explosion would endanger the life of some individual and the safety of the property of another, by pouring lighter fluid within the building and persons suffered bodily injury as a result of the fire or explosion, or that he knew the building was within the limits of an incorporated city or town, namely, Palestine, Texas, and a person suffered bodily injury as a result of the fire or explosion, a first degree felony.[3]

Appellant entered "open" pleas of "guilty" to the charged offenses, specifically, the second paragraph, or manner and means, of each count as the State abandoned the first paragraph, or manner and means, of each count. Appellant and his counsel signed various documents in connection with his pleas, including a stipulation of evidence in which he consented to the introduction of evidence in support of the trial court's judgment, and judicially confessed to the offenses alleged in the indictment, admitted that he committed each and every element alleged in the complaint, and admitted that he was guilty as charged. The Appellant pleaded "true" to one felony enhancement. The trial court accepted Appellant's "guilty" pleas, found the evidence sufficient to substantiate his pleas, found the enhancement paragraph to be "true," found that Appellant used or exhibited a deadly weapon in count one of the indictment, and adjudged Appellant guilty of two counts of aggravated robbery and one count of arson causing bodily injury. The Appellant elected for the jury to assess punishment. After a sentencing hearing, the jury assessed Appellant's punishment at life imprisonment and a $10,000.00 fine for each count.[4] This appeal followed.

---

[2] *See id.* § 29.03(a)(3)(A), (b) (West 2019).

[3] *See id.* § 28.02(a)(2)(A), (d)(1) (West 2019).

[4] If it is shown on the trial of a first degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years, and a fine not to exceed $10,000.00. *See id.* § 12.42(c)(1) (West 2019).

<u>**ANALYSIS PURSUANT TO** *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[5] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

<u>**CONCLUSION**</u>

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary

---

[5] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n. 22.

Opinion delivered June 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2021

NO. 12-20-00050-CR

**ROBERT LAWRENCE THOMPSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-19-34121)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*